IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARSHAWN TAYLOR,**

        **Plaintiff,**

v.

**SGT. FREEMAN,** *et al.,*

        **Defendants.**

Case No. 25-cv-02046-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Marshawn Taylor commenced this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights during his incarceration at Big Muddy River Correctional Center. On November 10, 2025, the Court issued an order directing Plaintiff to file a Notice and Consent to Proceed Before a Magistrate Judge Jurisdiction Form indicating consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 6). Plaintiff failed to return the form within the allotted time, and so, the Court issued another order on December 2, 2025, giving Plaintiff seven additional days to return the form or face possible sanctions. (Doc. 11). Again, Plaintiff missed the deadline. The Court then entered an order directing Plaintiff to show cause why this action should not be dismissed for failure to file the form, as is required under Administrative Order No. 408. (Doc. 12). As of February 6, 2026, Plaintiff has not returned the form or responded to the Court's directive to explain why this case should not be dismissed. In fact, the Court has not heard from Plaintiff since his original filing on November 10, 2025. Plaintiff has ignored the Court's directives and has failed to actively prosecute his claims. *See* FED. R. CIV. P. 41(b). The Court will not allow this matter to linger indefinitely.

    For these reasons, this action is **DISMISSED without prejudice**, based on Plaintiff's failure to comply with the Court's orders to file a Notice and Consent form and for failure to

prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

All pending motions are denied as moot. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 9, 2026**

*s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**